IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| MAX OUT GOLF, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>COOL CLUBS LLC, M & P GOLF, LLC,<br><br>*Defendant*. | Case Number:<br><br>Judge:<br><br>Magistrate Judge:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Plaintiff Max Out Golf, LLC, by and through its undersigned counsel, hereby complains of Defendants COOL CLUBS, LLC and M&P GOLF, LLC as follows:

## NATURE OF LAWSUIT

1. This is an action by Plaintiff Max Out Golf, LLC ("Plaintiff" or "Max Out Golf") against Defendants Cool Clubs, LLC and M&P Golf, LLC. ("Defendants") for infringement of United States Patent Nos. 8,696,497 and 7,967,695 (collectively, the "Max Out Golf Patents").

## PARTIES AND PATENTS

2. Max Out Golf is a limited liability company organized under the laws of California and having a principal place of business at 1775 York Avenue Suite 37-B, New York NY 10128.

3. Max Out Golf owns all rights, title, and interest in and has standing to sue for infringement of United States Patent No. 8,696,497 ("the '497 Patent"), entitled "System and Methods for Fitting Golf Equipment" (Exhibit A) and United States Patent No. 7,967,695 ("the '695 Patent"), entitled "System and Methods for Fitting Gold Equipment" (Exhibit B).

4. On information and belief, Defendant Cool Clubs LLC is a corporation existing under the laws of Arizona with a principal place of business of 7267 E Adobe Drive, Suite 115, Scottsdale Arizona 85255.

5. On information and belief, Defendant M&P Golf, LLC is a corporation existing under the laws of Delaware with a principal place of business of 7267 E Adobe Drive, Suite 115, Scottsdale Arizona 85255.

6. On information and belief, M&P Golf LLC is the sole member of Cool Clubs, LLC.

7. On information and belief, Defendants do regular business in this Judicial District and conduct leading to Defendants' acts of infringement has occurred in this Judicial District.

8. Defendants manufacture, assemble, use, offer for sale and/or sell a golf equipment fitting system that uses advanced technology to identify optimum equipment for the golfer and correct swing flaws (the "Accused Product"). Upon information and belief, the Accused Product is made, used, offered for sale, and/or sold in the United States, including in the Eastern District of Texas.

## JURISDICTION AND VENUE

9. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*.

10. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendants because they have engaged in continuous and systematic business in the Eastern District of Texas.

12. Upon information and belief, Defendants derive substantial revenues from commercial activities in Texas; and, upon information and belief, are operating and/or supporting products or services that fall within one or more claims of Max Out Golf's patents in this District.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) at least because the claim arises in this Judicial District, Defendants may be found and

transact business in this Judicial District, and injuries suffered by Max Out Golf took place in this Judicial District.

14. Defendants are subject to the general and specific personal jurisdiction of this Court at least because of its minimum contacts with the State of Texas.

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

15. Max Out Golf reiterates and reincorporates the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

16. As a part of its business, Defendants own, use, and/or operate at least one golf equipment fitting system that uses advanced technology to identify optimum equipment for the golfer and to assist in correcting swing flaws.

## CLAIMS FOR RELIEF

## COUNT I

(Patent Infringement of U.S. Patent No. 8,696,497
Under 35 U.S.C. § 271 *et seq.*)

17. Max Out Golf reiterates and reincorporates the allegations set forth in paragraphs 1 through 16 above as if fully set forth herein.

18. On April 15, 2014, the United States Patent and Trademark Office duly and legally issued United States Patent No. the '497 Patent, entitled "Systems and Methods for Fitting Golf Equipment." Max Out Golf is the owner of the entire right, title and interest in and to the '497 Patent. A true and correct copy of the '497 Patent is attached as **Exhibit A** to this Complaint.

19. Max Out Golf is the owner of the '497 Patent and has the right to enforce the '497 Patent.

20. The '497 Patent is valid and enforceable.

21. On information and belief, Defendants have infringed and continue to infringe one or more claims of the '497 Patent, literally and/or under the doctrine of equivalents in this District and elsewhere in the United States.

22. On information and belief, Defendants manufacture, offer to sale, sell and/or use systems falling within the scope of one or more claims of the '497 Patent. As a result, Defendants have infringed, continue to infringe, and/or threaten infringement of one or more of the claims of '497 Patent.

23. On information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '497 Patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling a golf equipment fitting system that uses advanced technology to objectively identify the optimum equipment for the golfer and correct swing flaws so that the golfer can achieved optimum performance on the golf course.

24. On information and belief, Defendants are contributorily infringing, will induce, are inducing and have induced infringement of one or more claims of the '497 Patent by offering to sell and selling golf club fitting services utilizing TrackMan launch monitor and/or TrackMan Pro, including current and preceding versions, to customers, buyers, sellers, users and others who directly infringe the '497 Patent.

25. On information and belief, Defendants have had knowledge of the '497 Patent at least as early as April 6, 2015, the day that Cool Clubs LLC was served with a written invitation to license, which specifically identified the '497 Patent.

26. On information and belief, Defendants have not changed or modified their infringing behavior since April 6, 2015 and said infringement is committed with full knowledge

of Plaintiff's rights under the '497 Patent and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

27. On information and belief, despite Defendants' knowledge of the '497 Patent, Defendants have continued and are continuing to sell and offer to sell golf club fitting services utilizing the TrackMan launch monitor and//or TrackMan Pro, to third parties with the object of promoting their use to infringe, as shown by Defendants' clear expression and other affirmative steps taken to foster infringement by their customers.

28. Defendants' aforesaid infringing activity has directly and proximately caused damage to Plaintiff Max Out Golf, including loss of profits from sales and/or licensing revenues it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and will cause irreparable injury to Max Out Golf, for which there is no adequate remedy at law.

## COUNT II

(Patent Infringement of U.S. Patent No. 7,967,695
Under 35 U.S.C. § 271 *et seq*.)

29. Max Out Golf reiterates and reincorporates the allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

30. On June 28, 2011, the United States Patent and Trademark Office duly and legally issued the '695 Patent entitled "Systems and Methods for Fitting Golf Equipment."  Max Out Golf is the owner of the entire right, title and interest in and to the '695 Patent.  A true and correct copy of the '695 Patent is attached as **Exhibit B** to this Complaint.

31. Max Out Golf is the owner of the '695 Patent and has the right to enforce the '695 Patent.

32. The '695 Patent is valid and enforceable.

33. On information and belief, Defendants have infringed and continue to infringe one or more claims of the '695 Patent, literally and/or under the doctrine of equivalents in this District and elsewhere in the United States.

34. On information and belief, Defendants manufacture, offer to sale, sell and/or use systems falling within the scope of one or more claims of the '695 Patent. As a result, Defendants have infringed, continue to infringe, and/or threaten infringement of one or more of the claims of '695 Patent.

35. On information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '695 Patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling a golf equipment fitting system that uses advanced technology to objectively identify the optimum equipment for the golfer and correct swing flaws so that the golfer can achieved optimum performance on the golf course.

36. On information and belief, Defendants are contributorily infringing, will induce, are inducing and have induced infringement of one or more claims of the '695 Patent by offering to sell and selling golf club fitting services utilizing the TrackMan Pro and other TrackMan monitor products, including current and preceding versions, to customers, buyers, sellers, users and others who directly infringe the '695 Patent.

37. On information and belief, Defendant has had knowledge of the '695 Patent at least as early as April 6, 2015, the day that it was served with a written invitation to license, which specifically identified the '695 Patent.

38. On information and belief, Defendant has not changed or modified its infringing behavior since April 6, 2015 and said infringement is committed with full knowledge of

Plaintiff's rights under the '695 Patent and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

39. On information and belief, despite Defendants' knowledge of the '695 Patent, Defendants have continued and are continuing to sell and offer to sell golf fitting services to third parties with the object of promoting their use to infringe, as shown by Defendants' clear expression and other affirmative steps taken to foster infringement by their customers.

40. Defendants' aforesaid infringing activity has directly and proximately caused damage to Plaintiff Max Out Golf, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and will cause irreparable injury to Max Out Golf, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Max Out Golf respectfully requests that this Court enter judgment against Defendants and their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

1. A judgment that Defendants have infringed one or more of the claims of the '495 Patent and the '695 Patent, either directly, contributorily, and/or by inducement, either literally and/or under the doctrine of equivalents;

2. A preliminary and permanent injunction against Defendants, their respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from direct and indirect infringement of each and every one of the Max Out Golf Patents;

3. Judgment in favor of Max Out Golf in the amount of its actual damages caused by Defendants' infringing activities, including lost profits and/or a reasonable royalty rate, together

with prejudgment interest from the date infringement of the Max Out Golf Patents began, and trebling of the same by reason of the willful, wanton and deliberate nature of the infringement;

  4. Judgment that this is an exceptional case and an award of Plaintiff's reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 295;

  5. An award to Max Out Golf of all remedies available under 35 U.S.C. §§ 284 and 285; and,

  6. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Max Out Golf demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: July 10, 2015       Respectfully submitted,

                  ___/s/ David C. Van Dyke_____

                  David C. Van Dyke
                  Emily Bennett
                  Howard & Howard Attorneys PLLC
                  200 South Michigan Ave., Suite 1100
                  Chicago, IL 60604
                  Telephone: (312) 456-3641
                  Facsimile: (312) 939-5617
                  Email: dvd@h2law.com
                  Email: eeb@h2law.com